Eastern District of Kentucky
F I L E D
SEP 30 2019
AT ASHLAND
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON

JOSEPH SILVERBURG,

Plaintiff,

v.

STEVE HANEY, *et al.*,

Defendants.

Case No. 5:19-cv-00364-HRW

**MEMORANDUM OPINION AND ORDER**

\*\*\* \*\*\* \*\*\* \*\*\*

Joseph Silverburg is a pre-trial detainee currently incarcerated at the Madison County Detention Center ("MCDC") in Richmond, Kentucky. Proceeding without an attorney, Silverburg attempted to initiate this action by filing a document styled as a "Motion for Temporary Injunction," which was docketed as a civil action for administrative purposes. [D.E. No. 1] In this filing, Silverburg claimed that he was improperly transferred from the Fayette County Detention Center ("FCDC") in Lexington, Kentucky to the MCDC because of grievances that he filed while housed at the FCDC. However, Silverburg's filing was insufficient to constitute a complaint. In addition, Silverburg failed to pay the $400.00 required filing and administrative fees. Although he did file a motion to proceed *in forma pauperis*, it was not supported by a certificate of inmate account (certified by prison staff) as required by 28 U.S.C. § 1915(a)(2). Accordingly, the Court entered an Order

1

notifying Silverburg of these deficiencies and advising him that, if he wished to seek relief from the Court, he must first file a formal complaint on a court-supplied form and either pay the $350.00 filing fee and the $50.00 administrative fee or file a motion to pay it in installments under 28 U.S.C. § 1915. [D.E. No. 5]

Silverburg has now submitted a complaint [D.E. No. 6], a motion for leave to proceed *in forma pauperis* [D.E. No. 7], and a copy of his prisoner trust fund account statement. [D.E. No. 8] However, the prisoner trust fund account statement submitted by Silverburg, while purportedly certified by a prison official, contains no information regarding Silverburg's inmate account. Notwithstanding Silverburg's failure to comply with the Court's prior Order, the Court will grant the request on the terms established by 28 U.S.C. § 1915(b). Because Silverburg has been granted *pauper* status in this proceeding, the $50.00 administrative fee is waived. District Court Miscellaneous Fee Schedule, § 14.

## I.

The Court must conduct a preliminary review of Silverburg's complaint pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A. A district court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *McGore v. Wrigglesworth*, 114 F.3d 601, 607-08 (6th Cir. 1997), abrogated on other grounds, *Jones v. Bock*, 549 U.S. 199 (2007).

The Court evaluates Silverburg's complaint under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage, the Court accepts the plaintiff's factual allegations as true, and his legal claims are liberally construed in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). However, the principles requiring generous construction of *pro se* pleadings are not without limits. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *Wilson v. Lexington Fayette Urban County Government*, No. 07-cv-95-KSF, 2007 WL 1136743 (E.D. Ky. April 16, 2007). A complaint must set forth claims in a clear and concise manner, and must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Hill v. Lappin*, 630 F.3d 468, 470 (6th Cir. 2010). *See also* Fed. R. Civ. P. 8.

In his complaint, Silverburg alleges that he participated in a meeting on August 26, 2019 with officials at the FCDC regarding "numerous grievances" that he had filed at the FCDC. He further alleges that, after the meeting, he wrote to FCDC Deputy Director Byrne stating that he was going to file an affidavit with the FBI regarding threats allegedly made to him during the meeting by a prison official. He then alleges that he was "arbitrarily" transferred from the FCDC to the MCDC on September 6, 2019 in violation of K.R.S. §§ 441.520 and 441.530. According to

Silverburg, after arriving at MCDC, he was told by officials that he was transferred as a "favor" to FCDC officials. He also states that he was told by Tammy Allen, Deputy Jailer Class-D Coordinator at the MCDC, that all of the jailers in Kentucky have an "agreement" to transfer inmates when needed. Silverburg alleges that the jailers participating in such an agreement are engaging in criminal fraud against the Counties and the Commonwealth of Kentucky in violation of 18 U.S.C. § 1961. He further alleges that such transfers of pre-trial detainees "deprives the Circuit Courts of Jurisdiction of the transferred inmate as is violative of plaintiff's Fifth, Sixth, Eighth, and Fourteenth Amendment rights." Finally, he alleges that he is being "falsely imprisoned by defendant [MCDC Director] Steve Tussey in violation of plaintiff's Fourteen Amendment right and is entitled to his immediate release as pre-trial detainee."

He further alleges that the MCDC is overcrowded and dangerous and he has been forced to sleep on the floor. Finally, he states that his money and funds were not transferred with him, thus he has been unable to call or confer with his "criminal attorney 'Public Defender,'" for his upcoming criminal trial in Fayette County Circuit Court in *Commonwealth v. Silverburg*, 19-CR-820 (Fayette Cir. Ct. 2019).[1]

---

[1] Although Silverburg references his "upcoming trial," a review of the online docket in that case shows that the indictment was filed on June 24, 2019, Silverburg is currently represented by an attorney from the Department of Public Advocacy, and the matter has not yet been set for trial. *Commonwealth v. Silverburg*, 19-CR-820 (Fayette Cir. Ct. 2019).

4

Silverburg brings his claims against Defendants Steve Haney (Director of FCDC), Steve Tussey (Director of MCDC), Tammy Allen (Deputy Jailer at MCDC), Tom Jones (Chief Deputy at MCDC) and Byrne (Deputy Director at FCDC). He concedes that he has not filed a grievance related to any of these issues, but he claims that they are non-grievable as the "issues involve[d] are failure of county jail officials to comply and follow [K.R.S. §§] 441.520 and 441.530." As relief, he seeks "an order directing the defendants [to] release the plaintiff from their custody including the Fayette Circuit Court." He also seeks punitive and compensatory damages, as well as injunctive relief prohibiting county jail officials from "arbitrarily transferring pre-trial detainees in violation of KRS §§ 441.520 and 441.530."

## II.

Silverburg's complaint must be dismissed for multiple reasons. As a threshold matter, Silverburg's complaint seeks relief properly sought only through a habeas corpus petition, not a civil rights complaint. The United States Supreme Court held long ago that "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Indeed, the Court specifically noted that, where the petitioner's challenge to his custody is that "he is unlawfully confined in the wrong

5

institution...his grievance is that he is being unlawfully subjected to physical restraint, and...habeas corpus has been accepted as the specific instrument to obtain release from such confinement." *Id.* at 486 (citations omitted).

Moreover, to the extent that Silverburg claims that he was transferred to MCDC in violation of his constitutional rights, it has long been held that "[a]n inmate has no liberty interest in being placed in any particular penal institution, *Olim v. Wakinekona*, 461 U.S. 238, 247 (1983), or classified at any particular security level, *Hewitt v. Helms*, 459 U.S. 460, 468 (1983), *overruled in part on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995), and hence no rights protected by the Due Process Clause in that regard. *Sandin*, 515 U.S. at 484-86. *See also Wilkinson v. Austin*, 545 U.S. 209, 221 (2005) ("... the Constitution itself does not give rise to a liberty interest in avoiding transfer to more adverse conditions of confinement.") (citation omitted).

In addition, placement and classification decisions with respect to state prisoners are within the discretion of jail or prison officials, *see e.g.*, 501 Ky. Admin. Regs. 3:110, and the Court sees no reason to interfere with these decisions, even if it has the authority to do so. *See LaFountain v. Harry*, 716 F.3d 944, 948 (6th Cir. 2013)("Absent unusual circumstances, prison officials, rather than judges, should decide where a particular prisoner should be housed."). *See also Betterman v. Montana*, 136 S. Ct. 1609, 1618 n. 9 (2016); *Meachum v. Fano*, 427 U.S. 215, 224

(1976) ("The Constitution does not require that the State have more than one prison for convicted felons; nor does it guarantee that the convicted prisoner will be placed in any particular prison, if, as is likely, the State has more than one correctional institution."); *Ward v. Dyke*, 58 F.3d 271, 274 (6th Cir. 1995) ("Prisoners do not have a constitutional right to be incarcerated in any particular institution."); *Archer v. Reno*, 877 F. Supp. 372, 377–78 (E.D. Ky. 1995) ("The district courts are not authorized to order that an inmate be placed in a particular institution.").

To the extent that Silverburg argues that his transfer from Fayette County to neighboring Madison County interfered with his Sixth Amendment right to counsel, the Sixth Amendment does not require that he be confined in the same county as his criminal counsel. Indeed, it is not unusual for attorneys in Fayette County to represent criminal defendants in surrounding counties and vice versa. Further, if a pretrial detainee complains of matters regarding his confinement or prosecution, but he has had appointed defense counsel at all times during the complained-of events, he has not been denied access to the courts. *See Caton v. Maze*, 995 F.2d 881 (8th Cir.) (per curiam), *cert. denied,* 510 U.S. 967, 114 S.Ct. 447, 126 L.Ed.2d 381 (1993); *Johnson-el v. Schoemehl*, 878 F.2d 1043, 1052 (8th Cir.1989). And although Silverburg claims that the failure of jail officials to transfer his funds from FCDC to MCDC is impeding his right to counsel, he states that he is being represented in his criminal matter by a public defender, thus he is not paying retained counsel.

In addition, Silverburg's claim that his transfer violates KRS §§ 441.520 and 441.530 is simply incorrect. KRS § 441.520 provides that a Circuit Judge may order the transport of a prisoner to a nearby county in circumstances where there is no jail in the county, the jail is insecure, or there is probable danger to a person confined in the jail. KRS § 441.520. In turn, KRS § 441.530 sets forth the manner of transferring a prisoner in such a situation, including the compensation of officers and computation of expenses. KRS. § 441.530. However, nothing in either of these statutes precludes prison officials from transporting prisoners without such an order from a Circuit Court. Silverburg also overlooks KRS § 441.025, which specifically authorizes Kentucky counties to enter into agreements with other counties to hold prisoners that are arrested and/or sentenced in that county. KRS § 441.025(4) ("Any county may enter into an agreement pursuant to KRS 65.210 to 65.300 [the Interlocal Cooperation Act] to provide or to use jail facilities.").

Moreover, to the extent that Silverburg alleges that jailers participating in an agreement to transfer prisoners between counties are engaging in criminal fraud, "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *S. v. D.*, 410 U.S. 614, 619 (1973). *See also Flinchum v. City of Beattyville*, 224 F. Supp. 3d 536, 544–45 (E.D. Ky. 2016). Rather, the decision whether to prosecute a criminal matter rests exclusively with state and

federal prosecutors. *United States v. Armstrong*, 517 U.S. 456, 464 (1996); *Bordenkircher v. Hayes* , 434 U.S. 357, 364 (1978).

Nor are Silverburg's allegations that the MCDC is overcrowded sufficient to state a claim that his transfer to MCDC constitutes cruel and unusual punishment in violation of the Eighth Amendment. The Eighth Amendment "does not mandate comfortable prisons," but only requires prison officials to provide inmates with "the minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347, 349 (1981). As "[h]arsh and uncomfortable prison conditions do not automatically create an Eighth Amendment violation..., 'extreme deprivations' must be alleged in order to support a prison-overcrowding claim." *Agramonte v. Shartle*, 491 F. App'x 557, 560 (6th Cir. 2012)(quoting *Hudson,* 503 U.S. at 9). In fact, "overcrowding is not, in itself, a constitutional violation," particularly where, as here, there are no allegations that the allegedly overcrowded conditions resulted in an unconstitutional denial of such basic needs as food, shelter, or sanitation. *Agramonte*, 491 F. App'x at 560 (citations omitted).

For all of these reasons, Silverburg's complaint will be dismissed for failure to state a claim upon which relief may be granted. Accordingly, Silverburg's additional pending requests for relief – a motion pursuant to Fed. R. Civ. P. 24 for the intervention of other plaintiffs [D.E. No. 9], a motion pursuant to Fed. R. Civ. P. 23 for a class action [D.E. No. 10], and a motion pursuant to Fed. R. Civ. P. 15 to

amend complaint [D.E. No. 11]² – will be denied as moot. However, a few observations are appropriate for clarification of the record. First, "[g]enerally, 'a plaintiff must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties.'" *Crawford v. United States Dep't of Treasury*, 868 F.3d 438, 455 (6th Cir. 2017) (quoting *Coyne ex rel. Ohio v. Am. Tobacco Co.*, 183 F.3d 488, 494 (6th Cir. 1999) (other citations omitted). Thus, Silverburg may only pursue claims in this case made on his own behalf.

In addition, to the extent that Silverburg and the other "plaintiffs" he identifies in his motions, Erik Oliver, Eric Maxion, and Alvin Thorton, wish to proceed as a class action, they make none of the allegations required by Federal Rule of Civil Procedure 23(a) to qualify for class certification. Moreover, pro se plaintiffs rarely, if ever, can serve as class representatives. Cf. *Howard v. Pollard*, 814 F. 3d 476, (7th Cir. 2015); *Palasty v. Hawk*, 15 F. App'x 197, 200 (6th Cir. 2001). To the extent that Oliver, Maxion, and/or Thorton wish to pursue claims in this Court, they may proceed, if at all, in *Erik Oliver, et al., v Steve Haney, et al.*, Case No. 5:19-cv-389-WOB (E.D. Ky. 2019).

### III.

---

² Even if the motion to amend Silverburg's complaint [D.E. No. 11] was not moot, it would still be denied, as Silverburg did not tender a proposed amended complaint, a necessary step to permit the Court to assess its viability or to ensure that the proposed amendment would not be futile. *Kuyat v. BioMimetic Therapeutics, Inc.*, 747 F.3d 435, 414 (6th Cir. 2014).

10

One final word, the Court is aware that Silverburg is no stranger to this Court. As far back as 1990, Silverburg has initiated and litigated extensive amounts of *pro se* litigation. Silverburg was previously sanctioned in this Court for submitting excessive pleadings, collaterally attacking judgments, submitting abusive pleadings and submitting pleadings which factually establish a pattern of misrepresentation in *Joseph L. Silverburg v. Rhonda Easton, et al.*, No. 0:95-MC-45-HRW-PEP (E.D. Ky. 1995). That sanction, in part, was based on a previous admonishment to Silverburg regarding his abuses of the judicial process amounting to frivolous, vexatious, false and ill-founded filings. Additionally, in *Silverburg v. Ralph Evitts, Warden*, No. 90-cv-185 (E.D. Ky 1990), Judge Karl S. Forester ordered that Silverburg must pay a filing fee before proceeding in this Court, except in the case of a bona fide emergency. These sanctions have not deterred Silverburg's frivolous litigious conduct, as a review of the Court's online PACER database identifies Silverburg as either the plaintiff, petitioner, or appellant in approximately 84 civil matters filed in the Eastern and Western Districts of Kentucky and the United States Court of Appeals for the Sixth Circuit.

However, while the Court granted Silverburg's motion to proceed *in forma pauperis* in this case, Silverburg is warned that further frivolous, vexatious and harassing conduct will not be tolerated. Court must afford additional latitude to parties untrained in the law, *Haines v. Kerner*, 404 U.S. 519, 596 (1972), as their

11

misguided actions may be the consequence of inexperience or lack of specialized knowledge rather than borne of a desire to harass or delay. But this forgiving approach to compliance with procedural rules has never "[been] interpreted so as to excuse mistakes by those who proceed without counsel," *McNeil v. United States*, 508 U.S. 106, 113 (1993), and the courts have never allowed "the right of self-representation [to be used as] a license to abuse the dignity of the courtroom." *Faretta v. California*, 422 U.S. 806, 835 n.46 (1975). Even a court's "special solicitude" towards *pro se* litigants "does not extend to the willful, obstinate refusal to play by the basic rules of the system upon whose very power the plaintiff is calling to vindicate his rights." *Pandozy v. Segan*, 518 F. Supp. 2d 550, 558 (S.D.N.Y. 2007).

Any person proceeding *pro se* who repeatedly files frivolous and/or abusive pleadings abuses the right to represent himself without counsel and the privilege of proceeding without payment of the filing fee and imposes a heavy burden upon the resources of the court at the expense of other litigants with potentially meritorious claims. Silverburg is advised that the Court may impose sanctions necessary and appropriate to deter such conduct, *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-45 (1991), including imposition of monetary sanctions and/or filing restrictions, and will not hesitate to do so should Silverburg continue to file frivolous and/or abusive pleadings.

Accordingly, **IT IS ORDERED** that:

1. Silverburg's motion to proceed *in forma pauperis* [D.E. No. 7] is **GRANTED**. Section 1915(b)(1) requires a prisoner-plaintiff to pay the $350.00 filing fee for a civil action as set forth below.

2. The financial documentation filed by Silverburg indicates that he lacks sufficient income or assets to pay the initial partial filing fee required by 28 U.S.C. § 1915(b)(1)(A), and payment of such fee is therefore **DEFERRED**.

3. The Clerk of the Court shall open an account in Silverburg's name for receipt of the filing fee. The Clerk shall complete a Notice of Payment Form (Form EDKY 525) with (a) Silverburg's name, (b) his inmate registration number, and (c) this case number. The Clerk shall serve a copy of this Order and the Notice of Payment Form upon the Jailer/Warden of the institution in which Silverburg is currently confined and upon the Office of the General Counsel for the Department of Corrections in Frankfort, Kentucky.

4. Each month Silverburg's custodian shall send the Clerk of the Court a payment in an amount equal to 20% of his income for the preceding month out of his inmate trust fund account, but only if the amount in the account exceeds $10.00. The custodian shall continue such monthly payments until the entire $350.00 filing fee is paid. 28 U.S.C. § 1915(b)(2).

5. Silverburg's complaint [D.E. No. 6] is **DISMISSED**.

6. All pending requests for relief, including the motion pursuant to Fed. R. Civ. P. 24 for the intervention of other plaintiffs [D.E. No. 9], the motion pursuant to Fed. R. Civ. P. 23 for a class action [D.E. No. 10], and the motion pursuant to Fed. R. Civ. P. 15 to amend complaint [D.E. No. 11] are **DENIED AS MOOT**.

7. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

8. Judgment shall be entered contemporaneously herewith.

This the 30th day of September, 2019.



Signed By:
*Henry R. Wilhoit, Jr.*
United States District Judge

14